UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| LOIC SHINGI IPANGA<br>  12 Long Green Court<br>  Silver Spring, Maryland 20906<br><br>            Plaintiff<br><br>            v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>JENNIFER B. HIGGINS, in her official<br>capacity, Acting Director, U.S. Citizenship and<br>Immigration Services;<br>TED H. KIM, in his official capacity,<br>Associate Director of Refugee, Asylum and<br>International Operations, U.S. Citizenship and<br>Immigration Services,<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>JAMES R. MCHENRY, III, Acting Attorney<br>General, Office of Attorney General U.S.<br>Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br>            Defendant(s). | Civil Action No: 1:25-cv-00342 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COMES NOW LOIC SHINGI IPANGA (hereinafter "Plaintiff IPANGA" or "Plaintiff") the Plaintiff, by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought because of Defendants' failure to adjudicate Plaintiff IPANGA's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. §1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for over approximately a total of over six years and five months (over 77 months or 2362 days) since the date of filing; Defendants have taken almost thirteen (13) times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over a total period of approximately six years and five months with the United States Citizenship and Immigration Services.

3. Plaintiff has completed his required biometrics appointment. No further requests for information or evidence have been made by the United States Citizenship and Immigration Service ("USCIS") since the completion of Plaintiff's biometrics appointment.

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Asylum offices are fully operational at this time and conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer's ability to complete the adjudication of Plaintiff IPANGA's Form I-589 Application.

## PARTIES

5. Plaintiff LOIC SHINGI IPANGA is a citizen of the Democratic Republic of the Congo and for purposes of the instant action he is a resident of Montgomery County, Maryland. He is the applicant of a properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZAR1800110190) in or around August 2018, with the United States Citizenship and Immigration Service.

6. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

8. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

9. Defendant JAMES R. MCHENRY, III, is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. §1391(e) in that this is the district in which Plaintiff resides and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

12. The Plaintiff has repeatedly requested the Defendants to take action on his Application.

13. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with all documents and information that establish his eligibility for the benefit sought.

14. There are no further administrative remedies available for Plaintiff to utilize.

## GENERAL ALLEGATIONS

15.  Plaintiff is a citizen of the Democratic Republic of the Congo who properly filed his Form I-589 Application for Asylum and Withholding of Removal with USCIS in or around August 2018 (Receipt Number: ZAR1800110190).

16. On September 20, 2018, Plaintiff appeared for and completed his scheduled biometrics. **[Exhibit A].**

17. Since 2018, following the filing of the Application, and subsequent biometrics appointment, Plaintiff has made numerous inquiries with USCIS regarding the adjudication of his Application.

18. As of this date, USCIS has not provided any indication as to when Plaintiff IPANGA's Form I-589 Application will be adjudicated.

19. As of the date of this filing, Plaintiff's Application remains unadjudicated for over a total period of approximately six years and five months (over 77 months or 2361 days) since the date of filing and for over six years and four months (over 76 months or 2325 days) since the completion of his biometrics. Plaintiff IPANGA has yet to be scheduled for his required asylum interview.

20. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to complete the adjudicative processing of his Application.

21. Defendant's delay and inaction is causing irreparable harm to Plaintiff as he is unable to commence his life in the U.S. without living in fear of being forced to return to the Democratic Republic of the Congo, where he will certainly be persecuted, tortured, and/or killed.

22. As a result of Defendant's inaction, Plaintiff has incurred enormous costs and significant attorney's fees. Also, because of the Defendant's inaction, Plaintiff has been deprived of the requested immigration relief as an asylee, for which he is eligible.

## COUNT I

### VIOLATION OF THE APA

23. All prior paragraphs are re-alleged as if fully stated herein.

24. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

25. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

26. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

27. No other adequate remedy is available to Plaintiff.

28. Defendants have failed in their statutory duty to adjudicate the Application within 180 days.

29. As Plaintiff's Application has been pending for a total period of approximately six years and five months (over 77 months or 2361 days) since the date of filing; Defendants have taken almost thirteen (13) times the maximum statutory period they are given to adjudicate asylum applications.

30. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law and in violation of Plaintiff's due process rights. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiff IPANGA's Application.

31. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff's Application for over a total period of approximately six years and five months (over 77 months or 2361 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff IPANGA's Form I-589 Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff IPANGA's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date:  January 31, 2025                                     Respectfully submitted,

     /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*